| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| RAMON NAVARRO LUPERCIO, | Case No. 1:21-cv-580-DAD-HBK |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |
| v. | |
| MACARIO MENDOZA, | FOURTEEN-DAY DEADLINE |
| Defendant. | |

On April 7, 2021, Plaintiff Ramon Navarro Lupercio initiated this action by filing a *pro se* Complaint under the Civil Rights Act 42 U.S.C. § 1983 while incarcerated at San Quentin Prison. (Doc. No. 1). It appears Plaintiff no longer is incarcerated based on his address of record. (*See* docket). Upon review of the Complaint, Plaintiff alleges a § 1983 action against a sole defendant: Macario Mendoza. (Doc. No. 1 at 1). The gravamen of the Complaint is Plaintiff claims the victim of his underlying state court conviction, Mr. Mendoza, provided false testimony. (*See generally Id.*). As relief, Plaintiff seeks both "a new jury trial" and $25 million in damages. (*Id.* at 3). Because Plaintiff initiated this action while a prisoner, the Court is required to screen the complaint under 28 U.S.C. § 1915A. Before recommending a dismissal of the Complaint, the Court will afford Plaintiff an opportunity to respond to this show cause order.

I. <u>Defendant Does Not Appear to Be State Actor</u>

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Williams v. Fresno Cty. Dep't of Child Support Servs.*, No. 1:21-CV-00434-NONE-EPG, 2021 WL 2355651, at *5 (E.D. Cal. June 9, 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law")). Upon review of the Complaint and documents attached thereto, it appears the sole defendant, Mr. Macario Mendoza, is a private citizen and is not a "state actor" for purposes of 42 U.S.C. § 1983. (Doc. No. 1 at 12-17).

II. <u>Claims Arising from Plaintiff's Underlying Criminal Action Barred</u>

Further, it appears the claims raised in the Complaint stem from Plaintiff's criminal conviction and testimony by Mendoza at Plaintiff's criminal trial. (Doc. No. 1 at 3) (stating that during the jury trial Mendoza provided false testimony). To the extent the claims stems from Plaintiff's criminal jury trial, such claims appear to be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), if Plaintiff's criminal conviction has not been reversed, expunged, or otherwise invalidated. *Id.* Further, a person's testimony in court is entitled to absolute litigation privilege. *See Taylor v. Quall*, 458 F.Supp.2d 1065 (C.D. Ca. Sept. 25, 2006) (explaining that California's litigation privilege applies to any publication or broadcast made in any judicial or quasi-judicial proceeding with the rational to provide the litigants and witnesses the upmost freedom of access to the court without fear of being harassed subsequently by tort actions).

III. <u>Action Barred by Statute of Limitations</u>

Finally, a review of the Complaint reveals that Plaintiff's underlying criminal trial occurred in 2003. The statute of limitations for § 1983 actions is dictated "by the forum state's statute of limitations for personal injury actions," which, if California, is two years. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1. California Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a term less than for life" when the cause of action accrues. This limitations period is tolled while an inmate exhausts his available administrative remedies. *Gilmore v. Silva*,

812 F. App'x 689, 690 (9th Cir. 2020). An otherwise untimely complaint it may still proceed if the plaintiff can demonstrate equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir. 1999). To be entitled to equitable tolling, a plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.). Considering nearly 18 years have passed from the date of Plaintiff's criminal trial and date he filed the instant Complaint; the action appears to be barred by the appliable statute of limitations.

Based on the foregoing, the Court directs Plaintiff to show cause why this action should not be dismissed. In responding to the show cause order, Plaintiff should include (1) his criminal case number and county of conviction; (2) whether this action is related to that criminal conviction; (3) the status of his criminal case; and (4) why the action is not barred by the applicable statute of limitations, or precluded by the other case law referenced herein.

Accordingly, it is **ORDERED**:

1. Within fourteen (14) days from the date on this Order, Plaintiff must file a response to this order to show cause.

2. Alternatively, Plaintiff may file a "Notice of Voluntary Dismissal," if he chooses not to pursue this action.

3. Failure to comply with this order may result in a recommendation that this case be dismissed without prejudice for the above reasons.

IT IS SO ORDERED.

Dated: June 21, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3