UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>Plaintiff,<br><br>v.<br><br>MACARIO MENDOZA,<br><br>Defendant. | Case No. 1:21-cv-580-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE [1]<br><br>(Doc. No. 5)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

On April 7, 2021, Plaintiff Ramon Navarro Lupercio initiated this action by filing a *pro se* Complaint under the Civil Rights Act 42 U.S.C. § 1983 while incarcerated at San Quentin Prison. (Doc. No. 1). It appears Plaintiff no longer is incarcerated based on his address of record. (*See* docket).

On June 22, 2021, the Court issued an Order to Show Cause directing Plaintiff to show cause within fourteen days why the action should not be dismissed. (Doc. No. 5, "OTSC"). The OTSC found the Complaint failed to state a § 1983 claim because the sole-named defendant appeared to be a witness in Plaintiff's state court criminal case and was not deemed a "state actor" under § 1983. (*Id.* at 2). The OTSC further noted that claims directed at Plaintiff's state court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

criminal conviction, when that conviction has not been expunged or otherwise overturned, are barred by *Heck v.* Humphrey, 512 U.S. 477 (1994). (*Id.* at 2). Finally, the OTSC directed Plaintiff to show cause why the action was not barred by the statute of limitations considering it appeared 18 years passed from the date of Plaintiff's criminal trial and date he initiated the instant civil rights action. (*Id.* at 3).

As of the date on the instant findings and recommendations, Plaintiff has not filed a response to the OTSC despite being warned that failure to respond may result in the dismissal of the action for the above-listed reasons. (*Id.*). The deadline to respond to the OTSC has now expired. The undersigned recommends that the district court dismiss this action for these reasons set forth in the OTSC and due to Plaintiff's failure to timely respond to the OTSC.

**I.     DISCUSSION**

Upon review of the Complaint, Plaintiff alleges a § 1983 action against a sole defendant: Macario Mendoza (hereinafter "Mr. Mendoza"). (Doc. No. 1 at 1). The gravamen of the Complaint is Plaintiff claims the victim of his underlying state court conviction, Mr. Mendoza, provided false testimony. (*See generally Id.*). As relief, Plaintiff seeks both "a new jury trial" and $25 million in damages. (*Id.* at 3). Because the Complaint was filed while Plaintiff was still a prisoner, the Court is required to screen the complaint under 28 U.S.C. § 1915A. *See generally Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017) (finding complaint is "brought" when submitted for filing).

**A. Defendant Does Not Appear to Be State Actor**

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Williams v. Fresno Cty. Dep't of Child Support Servs.*, No. 1:21-CV-00434-NONE-EPG, 2021 WL 2355651, at *5 (E.D. Cal. June 9, 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law")). Private parties are not generally acting under the color of state law for purposes of § 1983. *Williams*, 2021 WL 2355651, at *5 (citing *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991)("Careful adherence to the 'state action'

2

requirement preserves an area of individual freedom by limited the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

For private parties to be acting under the color of state law, the act must be "fairly attributable to the State." *See Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989)(finding a citizen's arrest group did not qualify as "acting under color of state law" for purposes of § 1983)(citing *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 937 (1982)). According to *Lugar* to find "acting under the color of state law" requires two elements to be satisfied: (1) the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . (2) the party charged with deprivation must be a person who may fairly be said to be a state action. This may be because he or she is a state official, because he or she has acted together with or has obtained significant aide from state officials, or because his conduct is otherwise chargeable to the State. *Id.*

Upon review of the Complaint and documents attached thereto, it appears the sole defendant, Mr. Mendoza, is a private citizen who was the victim and testifying witness in Plaintiff's criminal case. (Doc. No. 1 at 12, 17). Under these circumstances, Mr. Mendoza, as a private citizen testifying as the victim in a criminal proceeding is not a "state actor" for purposes of 42 U.S.C. § 1983.

**B. Claims Arising from Plaintiff's Underlying Criminal Action Barred**

Further, the claims raised in the Complaint stem from Plaintiff's criminal conviction and testimony by Mr. Mendoza at Plaintiff's criminal trial occurring in 2003. (Doc. No. 1 at 3) (stating that during the jury trial Mendoza provided false testimony). To the extent the claims stems from Plaintiff's criminal jury trial, such claims directly stemming from his criminal conviction appear to be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Plaintiff's criminal conviction has been reversed, expunged, or otherwise invalidated. *Id.* Alternatively, a person's testimony in court is entitled to absolute litigation privilege. *See Taylor v. Quall*, 458 F.Supp.2d 1065 (C.D. Ca. Sept. 25, 2006) (explaining that California's litigation privilege applies

3

to any publication or broadcast made in any judicial or quasi-judicial proceeding with the rational to provide the litigants and witnesses the upmost freedom of access to the court without fear of being harassed subsequently by tort actions). Plaintiff did not respond to the Court's OTSC to provide his: (1) state court criminal case number and county of conviction; (2) whether the instant action is related to that criminal conviction; and (3) the status of his criminal case. (Doc. No. 3 at 3). Nonetheless, the documents attached to the complaint include portions of Plaintiff's criminal state habeas corpus petitions, including a letter from the Correctional Case Record Manager to the Superior Court of Tulare County. (See Doc. 1 at 4-31). Notably, the documents reflect that the "Abstract of Judgment and/or Minute Order" reflected an error in Plaintiff's sentence because Plaintiff was found <u>not</u> guilty of "Willful, Deliberate, Premeditated" as charged in Count 1 for Attempted 1st Degree Murder, but acknowledged the sentence imposed did coincide with the conviction of Attempted 2nd Degree Murder. (Doc. Nos. 1 at 8, 9). Thus, while there appears to have been a discrepancy in Plaintiff's sentencing, Plaintiff's criminal conviction remains valid.

### C. Action Barred by Statute of Limitations

Finally, a review of the Complaint reveals that Plaintiff's underlying criminal trial occurred in 2003. The statute of limitations for § 1983 actions is dictated "by the forum state's statute of limitations for personal injury actions," which, if California, is two years. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1. California Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a term less than for life" when the cause of action accrues. This limitations period is tolled while an inmate exhausts his available administrative remedies. *Gilmore v. Silva*, 812 F. App'x 689, 690 (9th Cir. 2020). An otherwise untimely complaint may still proceed if the plaintiff can demonstrate equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir. 1999). To be entitled to equitable tolling, a plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.). Considering nearly 18 years have passed from the date of Plaintiff's criminal trial and date he filed the instant Complaint; the action appears to be barred by the

appliable statute of limitations.

Based on the foregoing, the Court recommends the district court dismiss this action, terminate any pending motions, and close this case.

Accordingly, it is respectfully **RECOMMENDED**:

The Complaint be dismissed for failing to state a claim, and/or barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and/or barred by the statute of limitations.

<u>NOTICE TO PARTIES</u>

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: July 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE